## DUNN et al. v. JEFFERSON STANDARD LIFE INS. CO.

### No. 9950.

Circuit Court of Appeals, Fifth Circuit.

Jan. 19, 1942.

HUTCHESON, Circuit Judge, dissenting.

---

Walter F. Brown, of Houston, Tex., for appellants.

Gaius G. Gannon, of Houston, Tex., for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

PER CURIAM.

After decision of this case the appellants filed a motion to re-tax the costs. A major-ity of the court is of opinion that appellants are not entitled to the relief prayed for, and the motion to re-tax the costs is hereby denied.

HUTCHESON, Circuit Judge (dissenting).

Appellant, by his motion, invokes Civil Procedure Rule 75 (d) and (e),[1] 28 U.S.C.A. following section 723c, for preparing the record for appeal, and Rule 23, Subdivision 1,[2] and 6 (b),[3] of this court, for printing the record. The complaint under Rule 75 is, that though appellant filed a statement of points and designated all matters essential to the decision of questions presented, appellee designated matters to be included in the record which were in no way essential to the decision of this appeal. The matters complained of consist of seven documents,[4] stenographic transcripts of evidence taken on January 6, 1941, and findings of fact and conclusions of law thereon,

---

[1] (d). Statement of Points. If the appellant does not designate for inclusion the complete record and all the proceedings and evidence in the action, he shall serve with his designation a concise statement of the points on which he intends to rely on the appeal.

(e). Record to be Abbreviated. All matter not essential to the decision of the questions presented by the appeal shall be omitted. Formal parts of all exhibits and more than one copy of any document shall be excluded. Documents shall be abridged by omitting all irrelevant and formal portions thereof. For any infraction of this rule or for the unnecessary substitution by one party of evidence in question and answer form for a fair narrative statement proposed by another, the appellate court may withhold or impose costs as the circumstances of the case and discouragement of like conduct in the future may require; and costs may be imposed upon offending attorneys or parties.

[2] Subdivision 1, Rule 23. Within five days after the record is deposited in this court, if either party considers that the whole of it is not necessary to be considered by the court, he may file with the clerk, together with an affidavit or acknowledgment of service on the opposite party or parties, or his or their counsel, a request that only designated portions be printed. Within five days from the date of such service, the opposite party or parties may file with the clerk a request for the printing of such portions as he or they think necessary.

The clerk shall print only the portions of the record which have been designated, together with the requests therefor; and the court shall be bound to consider only such, but it may refer to other portions or cause others to be printed if found needful. If on hearing the case, it appears that either party has requested unnecessary parts of the record to be printed, the cost thereof may be imposed by the court upon such party or his counsel.

[3] Subdivision 6 (b), Rule 23. There shall be omitted from the printed transcripts the following: All process in the nature of subpoenas, citations, summons, and removal proceedings except the order of removal and original pleadings, unless from the statement of points it appears that some issue is raised which makes it necessary for the court to inspect such papers, and then only such as are involved.

[4] Endorsements and file marks on the original complaint; Summons issued May 31st, 1940 to L. H. Dunn and wife, Margaret J. Dunn, together with the Marshal's return thereon; Summons issued to the defendant Margaret J. Dunn dated July 16th, 1940, together with Marshal's return thereon; Notice of intention to make motion for leave to file amended complaint, together with acknowledgment of receipt of copy thereof, Motion of Jefferson Standard Life Insurance Company for the appointment of a Special Deputy; Alias summons to Mrs. Margaret J Dunn, dated September 14th, 1940, together with return thereon.

an order setting a hearing on confirmation for January 18, 1941, stenographic transcript of evidence taken at that hearing, a letter from Judge Kennerly to Judge Allred, requesting him to take over the hearing on the motion; motion of appellee to require appellants to furnish and file stenographic transcript of the proceedings at the January 6th hearing, and order of the court thereon. The motion for taxation on account of excessive printing is that within the time fixed in Rule 23 (1), appellant filed his request [5] for printing. Whereupon, appellee requested that all the balance of the record be printed and it is appellants' contention that all of this was excessive and the costs of it should be borne by appellee.

A careful consideration of these complaints convinces me that the complaint under Rule 75 is well taken only as to the seven instruments set out above in Note 4. The other matters objected to tended to throw some light on the case as a whole and under the peculiar circumstances of this case, where the appeal attacked the orders both on technical grounds and on the substantial ground that the sale and confirmation was not equitable, I cannot say that the order of the district judge directing this matter to be included in the record was improvidently made and that costs should be awarded against appellee for its inclusion. In this view, I think it plain that the infraction of the rule by the inclusion in the appeal record of the documents complained of, is too inconsequential to justify the imposition of costs for it.

Upon the complaint of violation of our printing rule however, I think the matter stands differently. This rule was adopted for the specific purpose of relieving litigants of unnecessary printing costs and also of shortening records. It specifically provided for the printing of only necessary parts of the record. To assure that it would be given effect as designed, and that litigants would not out of an overabundance of caution, not to overlook something important, nullify the rule by ordering everything printed, provision was made in it that the court might, if it found it desirable to do so, refer to other portions of the record though they were not printed or might cause additional printing if it found it needful to do so. Under this rule, it is the duty of persons having cases for submission, under penalty of costs for infraction, to designate for printing those matters which are necessary but to avoid designating those which are not.

A consideration of appellants' designation for printing in the light of this rule, shows, I think, that there is just ground to complain of the cost of including in the printed record, many of the matters printed at appellee's request. These are: the seven documents above referred to as unnecessarily included in the record on appeal; the exhibit to the amended complaint; the specification of points on appeal; appellee's designation of matters to be included in the record; the motion for an order requiring appellants to furnish and file additional stenographic transcripts; the order directing the filing; the stenographic transcript of the proceedings on the January 6th and January 18th hearings. The findings of fact and conclusions of law on pages 56, 57 and 58, and the order denying the motion on pages 59 and 60, of the printed transcript, dispose completely in appellee's favor, of the matters put at issue on January 6th. There was no exception to or appeal from them. It was therefore, entirely unnecessary to print the proceedings which culminated in those findings and order. As to the stenographic transcript of the proceedings, taken before Judge Kennerly, January 18th, the substance of these matters were all stated in the hearing before Judge Allred, without objection, and their printing was unnecessarily repetitious. The motion to re-tax should therefore I think be granted as to the matters set out above as improperly included in appellee's request to print and the costs thereof should be taxed against appellee, and I dissent from its denial.

---

[5] The amended complaint, omitting the attached exhibit; the answer of L. H. Dunn; the answer of Margaret J. Dunn; the docket sheet; final judgment entered December 3, 1940; the statement of the evidence on the hearing of November 18, 1940; the statement that there were no findings of fact or conclusions of law in connection with the judgment entered on December 3, 1940; the report of the Special Master showing the sale to the plaintiffs; the plaintiffs' motion to confirm this sale; the opposition of the defendants to the confirmation of this sale; the statement of the evidence at the hearing on February 1, 1941; the decree of February 1, 1941, concerning this sale; the notice of appeal; the appeal bond; the statement of the points upon which the appellants intend to rely (R. 1-2).